UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

BARRY RIDDICK,                          : CASE NO. 1:20-CV-00612

        Plaintiff,

vs.                                     : OPINION & ORDER
                                                          : [Resolving Doc. No. 1]

CUYAHOGA METROPLITAN
HOUSING AUTHORITY, et al.,

        Defendants.

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Barry Riddick filed this action under 42 U.S.C. §§ 1983 and 1985 against the Cuyahoga Metropolitan Housing Authority ("CMHA") and CMHA Employees Mark Hunt, Elliot Devan, and Donna Brooks; the Salvation Army/Harbor Light ("Harbor Light") and Harbor Light Employees Audrey Silver-Black and Jane Doe Mailroom Clerk; and CoCI Management ("CoCI") and its Employees Terry Dembkowski and John Doe Maintenance Worker. In the Complaint, Plaintiff contends he did not receive a timely notice of his informal hearing before his housing voucher was terminated. He asserts claims of conspiracy, denial of due process, negligence, wrongful eviction, and theft. He seeks injunctive relief and monetary damages.

Plaintiff also filed a Motion to Proceed *In Forma Pauperis.*[1] That Motion is granted.

---

[1] Doc. No. 2

## I. Background

Plaintiff alleges he was a recipient of the Housing Choice Voucher Program of § 8 of the United States Housing Act of 1937 ("Housing Act"), 42 U.S.C. § 1437f which provides housing assistance to eligible low-income families and individuals. CMHA determines tenant eligibility under the applicable regulations. The amount of assistance provided is dependent on the number of individuals living in the household. Approved families must select and maintain housing that meets the program's quality standards and that are approved by CMHA. CMHA, in turn, enters into housing assistance payments ("HAP") contracts with the landlords. 24 C.F.R. § 982.1(a)(2). Participating families are assigned a housing specialist and have obligations under the Housing Program, including disclosing household income, allowing inspection of the unit, providing the housing authority with eviction notices, and notifying CMHA before the family or individual moves from an approved residence. 24 C.F.R. § 982.551. Violating an obligation may result in termination from the Housing Program. 24 C.F.R. §§ 982.552-553. The participant, however, must have an opportunity to attend an informal hearing to challenge the basis for the termination decision. 24 C.F.R. § 982.555(a)(1)(v); *Woods v. Willis*, 515 F. App'x 471, 473-74 (6th Cir. 2013).

Plaintiff had not been occupying his Housing Choice Voucher Program apartment when he arrived at the Harbor Light halfway house on July 8, 2019. He does not indicate how long he had been absent from the apartment, but he indicates his belongings were still there. On July 9, 2019, he contacted his landlord, Terry Dembkowski, to negotiate his lease which expired on July 3, 2019. Dembkowski informed him that CMHA was proposing termination of his Housing Choice Voucher due to abandonment of the rental unit.

Pursuant to the voucher program regulations, Plaintiff requested an informal hearing from CMHA. On the request form, he listed his address as that of the apartment, not the halfway house. He states, however, that CMHA knew how to contact him because he also had provided them with the names and telephone numbers of two of his relatives and his case worker who know how to reach him. CMHA granted the request for an informal hearing which they scheduled for September 24, 2019. They mailed the hearing notice on September 9, 2019 to the address Plaintiff provided. Because he was not actually at that address, he did not receive the notice. CMHA Voucher Program Secretary Donna Brooks called his contacts and questioned them regarding Plaintiff's current residence.

Eventually, the notice was forwarded to Harbor Light where it was received on September 21, 2019. This was a Saturday. Plaintiff was unable to collect his mail from the mailroom during normal business hours on Monday or Tuesday due to his work schedule. Instead, his case worker Audrey Silver-Black retrieved it for him and hand delivered it to him on Wednesday, September 25, 2019, one day after the hearing. Plaintiff immediately requested a second hearing from CHMA. He again listed the apartment as his address but requested that the notice be emailed to him rather than mailed to the apartment address. CMHA denied his second request. His voucher was terminated October 31, 2019.

Plaintiff asserts six causes of actions. First, Plaintiff asserts a claim for civil conspiracy under 42 U.S.C. § 1983. He alleges that Silver-Black and the Harbor Light mailroom clerk conspired to deny him due process by delaying the delivery of his hearing notice. He contends that Harbor Light employs a number of LBGTQ employees who dislike him because he is a heterosexual male. He contends the conspiracy was motivated by gender and sexual orientation. Second, Plaintiff asserts Silver-Black and Jane Doe Mailroom Clerk were negligent in

3

delivering his hearing notice to him in a timely manner. Third, he asserts CMHA denied him due process by refusing to grant him a second informal hearing when he showed good cause for missing the first hearing. Fourth, Plaintiff asserts claims of conspiracy to deprive him of due process under 42 U.S.C. § 1985. Fifth, he asserts a claim of wrongful eviction under Ohio law. Finally, he asserts a claim for theft under Ohio law.

## II. Standard of Review

Although the Court does not hold *pro se* pleadings to the same standard as those filed by attorneys, the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] A claim lacks an arguable basis in law or fact when it is based on an unquestionably meritless legal theory or when the factual allegations are clearly baseless.[3] A cause of action fails to state a claim upon which relief may be granted when it does not contain enough facts to suggest Plaintiff has a plausible claim that entitles him to the relief he seeks.[4] This does not mean a Plaintiff is required to allege the facts of his Complaint in great detail, but he still must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."[5] A Complaint that offers only legal conclusions or a simple listing of the elements of a cause of action will not meet this standard.[6] When reviewing the Complaint under § 1915(e), the Court must read it in a way that is the most favorable to the Plaintiff.[7]

---

[2] *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990).
[3] *Neitzke*, 490 U.S. at 327.
[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).
[5] *Id.* at 678.
[6] *Id.*
[7] *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. Analysis

Plaintiff first claims Silver-Black and the Harbor Light Mailroom Clerk conspired to delay his mail and deny him due process based on his gender and sexual orientation. To prevail on a civil conspiracy claim under 42 U.S.C. § 1983, Plaintiff must show that (1) a "single plan" existed, (2) both Silver-Black and the mailroom clerk "shared in the general conspiratorial objective" to deprive Plaintiff of his constitutional (or federal statutory) rights, and (3) "an overt act was committed in furtherance of the conspiracy that caused injury" to Plaintiff.[8] Additionally, for the claim to proceed under § 1983, Plaintiff must assert it against state actors.[9] Conspiracy claims must be pled with some degree of specificity.[10] Vague and conclusory allegations unsupported by material facts are not enough to state such a conspiracy claim under § 1983.[11]

Plaintiff asserts two theories for a conspiracy under § 1983, one for denial of due process and the other for denial of equal protection. Neither of these theories, however, is supported by factual allegations. He alleges the hearing notice arrived at Harbor Light on September 21, which was a Saturday. He was unable to collect his mail during normal business hours on the subsequent Monday or Tuesday because of his work schedule. Silver-Black picked it up for him and hand delivered it to him. By that time, however, the hearing had already taken place. He concludes that this is the end result of a conspiracy, motivated by a desire to maximize profits by keeping him at Harbor Light for the longest amount of time possible and to discriminate against him based on his male gender and heterosexual sexual orientation. Plaintiff

---

[8] *Hooks v. Hooks*, 771 F.2d 935, 944 (6th Cir.1985).
[9] *Memphis, Tennessee Area Local, American Postal Workers Union, AFL-CIO v. City of Memphis*, 361 F.3d 898, 905 (6th Cir. 2004).
[10] *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987).
[11] *Id.* at 1538.

5

does not plead any facts to support these conclusions. Conspiracy claims must be pled with specificity and cannot be based solely on legal conclusions.[12] Plaintiff fails to state a claim for civil conspiracy under 42 U.S.C. § 1983.

Plaintiff also asserts that CMHA denied him due process by refusing to grant him a second hearing. Participation in a public housing program is a property interest protected by due process.[13] Due process requires that housing program participants receive adequate notice of the grounds for termination, and be provided with an opportunity to offer a defense at an informal hearing prior to termination.[14] Plaintiff does not contest receiving adequate notice of the reason for termination, in this case abandonment of the apartment. The question is whether CMHA denied him due process by refusing to schedule a second hearing.

Due process requires that the Plaintiff be given an opportunity to respond to the charges, explain his version of the facts, and offer a defense.[15] CMHA did provide him with an opportunity to be heard when it scheduled the informal hearing. They sent that notice on September 9, 2019 to the address Plaintiff provided. The notice stated that failure to appear at the hearing, barring good cause, would result in termination from the Voucher Program as of September 30, 2019. Plaintiff claims he had good cause for missing the meeting. CMHA did not agree. The fact that Plaintiff received the notice on the day after the hearing was due in part to Plaintiff's own actions in not providing a proper address to receive mail. He contends that

---

[12] *Id.*
[13] *Davis v. Mansfield Metro. Housing. Auth.*, 751 F.2d 180, 184 (6th Cir. 1984).
[14] *See Davis*, 751 F.2d at 185 & n. 4; *Goldberg v. Kelly*, 397 U.S. 254, 266-71, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970) ("[T]he stakes are simply too high ... and the possibility for honest error or irritable misjudgment too great, to allow termination of aid without giving the recipient a chance, if he so desires, to be fully informed of the case against him so that he may contest its basis and produce evidence in rebuttal.")
[15] *Heyne v. Metro, Nashville Pub. Sch.*, 655 F.3d 556, 565-66 (6th Cir. 2011) (citing *Goss v. Lopez*, 419 U.S. 565, 581 (1975)).

CMHA should have known where he was because he provided CMHA Housing Choice Voucher Program Secretary Brooks and/or Lisa Thorton with names and telephone numbers of people who could reach him. Brooks did contact those people to ascertain his location, but this delayed delivery of the notice to Harbor Light. CMHA did provide him an opportunity to be heard which satisfies the requirements of due process. They were not required to give him a second opportunity to argue his case.

Plaintiff then claims all of the Defendants conspired to deprive him of due process in violation of 42 U.S.C. § 1985. To establish a violation of § 1985, Plaintiff must allege that the Defendants conspired together for the purpose of depriving him of the equal protection of the laws and committed an act in furtherance of the conspiracy which was motivated by racial or other class-based discriminatory animosity.[16] These conspiracy claims also must be pled with specificity.[17] As an initial matter, Plaintiff asserts that they conspired to deny him due process, not equal protection as required by § 1985. Furthermore, Plaintiff has not alleged any facts to suggest that the Defendants were motivated by his race or his membership in a protected class. He claims, without supporting factual allegations that Silver-Black did not like him because she strongly supports LBGTQ individuals and he is a heterosexual male. Even if this is true, and there are no facts to support that assertion in the Complaint, there are no allegations suggesting the CMHA or CoCI Defendants shared those views. There are no facts suggesting that the Defendants acted in concert. Plaintiff fails to state a claim for conspiracy under 42 U.S.C. § 1985.

---

[16] *Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1999).
[17] *Gutierrez*, 826 F.2d at 1538.

Plaintiff's remaining claims of negligence, wrongful eviction and theft, arise under state law. Supplemental jurisdiction exists whenever state law and federal law claims derive from the same nucleus of operative facts and when considerations of judicial economy dictate having a single trial.[18] The Court, however, may exercise discretion in hearing state law matters.[19] In cases where the federal law claims are dismissed before trial, the state law claims should also be dismissed.[20] Having dismissed Plaintiff's federal law claims, this Court declines jurisdiction to hear Plaintiff's state law claims.

### IV. Conclusion

Accordingly, Plaintiff's Motion to Proceed *In Forma Pauperis* is granted and this action is dismissed under 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[21]

IT IS SO ORDERED.

    s/ James S. Gwin
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[18] *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966).
[19] *Id*. at 726.
[20] *Id*.
[21] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.